UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| ADL EL-SHABAZZ,<br>f/k/a A.C. FORD,<br><br>    Petitioner,<br> v.<br><br>JESSICA SYMMES,<br><br>    Respondent. | Civil No. 08-5753 (DSD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.)[1] The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's habeas corpus petition be summarily dismissed for lack of jurisdiction, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

**I. BACKGROUND**

In 1993, Petitioner was convicted of first degree murder in the state district court for Hennepin County, Minnesota. He was sentenced to life in prison, plus twenty years, and

---

[1] Petitioner did not pay the $5.00 filing fee for this action, as required by 28 U.S.C. § 1914(a). Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper fee, (or applied for leave to proceed in forma pauperis). It is readily apparent, however, that this action will have to be summarily dismissed, for the reasons discussed hereafter, and addressing the fee issue would only delay the inevitable dismissal of this action.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

he is currently serving his sentence at the Minnesota Correctional Facility at Oak Park Heights, Minnesota. (Petition, [Docket No. 1], p. (2), ¶s 1-4.) Petitioner's present habeas corpus petition challenges the validity of his 1993 Hennepin County murder conviction and sentence.

Petitioner has filed three previous habeas corpus petitions in this District: El-Shabazz v. Burton, Civil No. 99-310 (DSD/JGL), ["El-Shabazz I"]; El-Shabazz v. Bruton, Civil No. 00-1451 (DSD/JGL) ["El-Shabazz II"]; and El-Shabazz v. Fabian, Civil No. 06-523 (DSD/AJB) ["El-Shabazz III"].

Petitioner's first habeas case, El-Shabazz I, was summarily dismissed, because the claims raised in the petition did not pertain to the validity of Petitioner's conviction or sentence, and a judgment in Petitioner's favor on those claims would not have expedited his release from custody.

El-Shabazz II challenged the validity of Petitioner's 1993 Hennepin County murder conviction and sentence, which is the same conviction and sentence that Petitioner is challenging in his current petition. That case, (El-Shabazz II), was summarily dismissed, with prejudice, because it was time-barred.

El-Shabazz III also challenged the same 1993 Hennepin County murder conviction and sentence that Petitioner is attempting to challenge here. El-Shabazz III was summarily dismissed, because it was a second or successive federal habeas petition, which had not been pre-approved by the Eighth Circuit Court of Appeals.

Because Petitioner's current habeas corpus petition challenges the same conviction and sentence that were before the Court in El-Shabazz II, (and again in El-Shabazz III), the Court finds that Petitioner has now filed another "successive petition," which cannot be

entertained at this time.

## II. DISCUSSION

The federal rule restricting second or successive habeas corpus petitions is set forth at 28 U.S.C. § 2244(b).[3]  Under that rule, a district court cannot entertain a second or

---

[3] 28 U.S.C. § 2244(b) provides as follows:

"**(b)(1)** A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

 **(2)** A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
> **(A)** the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> **(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> **(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

 **(3)(A)** Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
**(B)** A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
**(C)** The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
**(D)** The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
**(E)** The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the

successive application for habeas corpus relief filed by a state prisoner, unless the prisoner has first obtained authorization from the appropriate court of appeals allowing him to file another petition.  28 U.S.C. § 2244(b)(3)(A).  See Cox v. Norris, 167 F.3d 1211, 1212 (8th Cir. 1999) (prisoner must receive pre-authorization from the Court of Appeals in order for a district court to consider a second or successive application for habeas corpus relief).

It plainly appears that the petition now before this Court is Petitioner's third application for federal habeas corpus review of his 1993 Hennepin County conviction and sentence.[4]  Because one of those prior cases, namely El-Shabazz II, was dismissed with prejudice, the Court finds that the present action, (like El-Shabazz III), must be viewed as a "second or successive petition" for purposes of § 2244(b).  As such, the present action cannot be entertained without pre-authorization from the Eighth Circuit Court of Appeals.  Because Petitioner has not shown that he has obtained such pre-authorization, his current petition must be summarily dismissed for lack of jurisdiction.  Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996); Chadwick v. Graves, 110 F.Supp.2d 1110, 1114, (N.D.Iowa 2000); Wainright v. Norris, 958 F.Supp. 426, 431-32 (E.D.Ark. 1996).

---

subject of a petition for rehearing or for a writ of certiorari.

**(4)** A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."

[4] Although El-Shabazz I was, nominally, a habeas corpus action, that case was summarily dismissed because the Court found that Petitioner was not actually challenging the fact or duration of his confinement, and that he therefore could not bring his claims under the federal habeas corpus statute.  Therefore, while this is Petitioner's fourth habeas case, it is only the third time he has tried to challenge his 1993 Hennepin County conviction and sentence.

> Petitioner has submitted a short note with his current petition, which states that –
>
> "The issues that will be raised in this habeas corpus action [are] new (newly discovered) issues and have no bearing-relationship to the issues previosly [sic] raised in my past habeas action."

This note seems to suggest that Petitioner believes he can file a second or successive habeas corpus petition, without pre-authorization from the Court of Appeals, if he is raising a new claim based on newly discovered evidence. However, § 2244(b) provides no such exception to the pre-authorization requirement. The Court of Appeals presumably will grant Petitioner a pre-authorization order for a claim based on newly-discovered evidence, if he is able to show that –

> "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

28 U.S.C. § 2244(b)(2)(B). However, Petitioner must first satisfy the Court of Appeals that his new claims meet these statutory conditions, and that he is therefore entitled to a pre-authorization order from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(C). The District Court cannot consider any new habeas corpus petition challenging Petitioner's 1993 Hennepin County conviction or sentence, even if the new petition raises new claims based on newly discovered evidence, unless the Court of Appeals has first granted Petitioner pre-authorization to file a new petition. 28 U.S.C. § 2244(b)(3)(A).

The Court will recommend that this action be dismissed without prejudice, so that Petitioner can resubmit his habeas claims <u>in a new action</u>, <u>if he is able to secure a pre-</u>

5

authorization order from the Court of Appeals as required by § 2244(b)(3)(A).[5] Petitioner should carefully note, however, that this District Court will not entertain any future habeas petition pertaining to his 1993 Hennepin County conviction and sentence, unless the petition is accompanied by a pre-authorization order from the Eighth Circuit Court of Appeals, as required by § 2244(b).[6]

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT:**

---

[5] There is some case law suggesting that an action barred by § 2244(b)(3)(A) should be transferred to the appropriate court of appeals pursuant to 28 U.S.C. § 1631, rather than simply dismissed. See e.g., Liriano v. United States, 95 F.3d 119, 122-23 (2nd Cir. 1996); Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997); In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). It would not be advisable, however, to follow that approach here. The Court of Appeals will not authorize the filing of another habeas petition in the District Court unless Petitioner can meet the standard prescribed at § 2244(b)(2). Because Petitioner has made no attempt to meet that standard in his present submissions, the Court of Appeals could not -- on the basis of the existing record -- grant the pre-authorization that Petitioner needs. 28 U.S.C. § 2244(b)(3)(C). It therefore makes more sense to dismiss the present action and require Petitioner to file a separate motion for pre-authorization directly with the Court of Appeals, as contemplated at § 2244(b)(3). That will allow Petitioner to fully explain to the Court of Appeals why he believes he meets the requirements of § 2244(b)(2), and why he should therefore be allowed to file a second habeas corpus petition in this District.

[6] Petitioner received this same warning in El-Shabazz III, but he obviously disregarded it. It should now be obvious to Petitioner that he will not accomplish anything by filing new successive habeas challenges to his 1993 Hennepin County conviction and sentence, without first obtaining a pre-authorization order from the Court of Appeals. Any future habeas petition challenging Petitioner's 1993 Hennepin County conviction and sentence, which is not accompanied by a pre-authorization order from the Court of Appeals, will meet the same fate as the present petition – summary dismissal.

This action be summarily dismissed without prejudice for lack of jurisdiction.

Dated: October 20, 2008

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before November 4, 2008.